*E-Filed 6/15/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSE MENDOZA,

    Plaintiff,

    v.

JAMES SCHOMIG, et al.,

    Defendants.
_____/

No. C 09-5448 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a civil rights action filed by a *pro se* state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff, formerly a California state prisoner, alleges that he received inadequate medical care in violation of the Eighth Amendment while housed at Soledad State Prison.[1]

The original complaint was dismissed with leave to amend because plaintiff failed to name defendants or allege specific facts on which relief could be granted. Plaintiff has filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A(a).

---

[1] Plaintiff is currently housed in La Palma Correctional Center in Arizona.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

According to plaintiff, he suffered physical injuries in a vehicle accident which occurred while he was being transported from San Quentin to Soledad.  He further contends that medical treatment was delayed and that when care was given, it was constitutionally inadequate.  Plaintiff also contends that California Highway Patrol Officers failed to assist plaintiff and other prisoners after the accident.  Plaintiff brings both federal and state law

claims.

Plaintiff, with one exception, fails to list any defendant by name. Rather he lists as defendants John Doe #1, the bus driver, and John Doe #3, a registered nurse. Without the names of specific defendants, an adequate description of the specific acts each individual defendant allegedly committed, and how those alleged acts violated his constitutional rights, the Court cannot determine whether plaintiff has stated claims for relief, nor, certainly, can it order service of the complaint.

Plaintiff names one defendant, G. Kalisher, a physician. The amended complaint, however, fails to allege specific facts as to Kalisher's acts or omissions. While plaintiff says that there was a failure to diagnose and treat plaintiff, and that he received pain medications that upset his stomach, he no where alleges that Kalisher was the person responsible, either directly or indirectly, for such alleged treatment. Plaintiff has not stated a plausible claim for relief.

Plaintiff has been unable to state claims for relief in either complaint. Accordingly, the action is DISMISSED without prejudice.

## CONCLUSION

Plaintiff having failed to state claims for relief, the action is DISMISSED without prejudice. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: June 15, 2010

RICHARD SEEBORG
United States District Judge